## SPAHN v. SHREWSBURY ICE & FEED CO., INC.

(November 17, 1930. Opinion and Decree.)

Williams & Williams, of New Orleans, attorneys for plaintiff, appellee.

Spearing, McConnell & McClendon, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is a suit for $154, the amount of damages alleged to

have been sustained by plaintiff's automobile as the result of a collision with a truck belonging to defendant. The accident occurred in Jefferson parish at a point along the Jefferson highway where a byroad leading to the Illinois Central Railroad shops at Harahan, La., crosses the highway.

Plaintiff's automobile, driven by her son, Louis Spahn, Jr., was proceeding along the byroad approaching the highway, when he observed the defendant's truck rapidly nearing the point where the road intersected the highway. Being admonished by his father who, with a number of other employees of the Illinois Central Railroad, were passengers in plaintiff's automobile, Spahn slackened his speed and stopped his car with its front wheels resting on the paved highway and the back wheels on a bridge which spans a ditch forming the approach to the highway at that point. The defendant's truck, without abating its speed, which is conceded to have been 30 or 35 miles per hour, approached on the right-hand side of the highway, and, when almost upon plaintiff's car, veered suddenly to the left, in an unsuccessful effort to avoid striking plaintiff's car, the front wheels of which were resting on the highway directly in its path.

Able counsel for the defendant contend that the road on which plaintiff's car approached the highway is an unfrequented lane and in no sense, a crossroad or cross street, and that the driver of the truck had no reason to expect the presence of plaintiff's car; that he was driving on the right-hand side of the highway not in excess of the speed limit of 30 miles, and that persons driving along this unfrequented road entered the highway at their peril, citing Neddam Lumber Co. v. Baker, 6 La. App. 229, where it was held that one approaching a graveled highway from a private dirt road was charged with the duty of stopping and assuring himself "that no vehicle was approaching on the highway near enough at hand to reach the crossing before he could clear it." See, also, Smith v. Interurban Transportation Co., 5 La. App. 704.

The authorities relied on by the defendant have no application here, for the reason that, whatever may have been the negligence of plaintiff's son in driving upon the highway, concerning which we express no opinion, there was ample opportunity for the driver of defendant's truck to have avoided the accident, because he testified that for five minutes before he reached the point where the accident occurred he had seen the plaintiff's automobile, which had stopped and for some time was at rest with its fenders protruding only a short distance into the paved portion of the highway. It was only necessary for him to direct the course of his truck a little further to the left in order to clear the parked car of plaintiff which was stationary and in plain view.

Counsel for defendant do not concede that plaintiff's car was at rest, but contend that it ran into defendant's truck. However, since there are seven witnesses for plaintiff as against one, the driver, for the defendant, the evidence overwhelmingly preponderates to the contrary.

It is evident that the defendant's driver had the last clear chance of avoiding the accident. We therefore find defendant responsible, and, since the quantum does not appear to be disputed, the judgment appealed from is, for the reasons herein assigned, affirmed.